(945 P.2d 880)

No. 76,880 ·

STATE OF KANSAS, *Appellee*, v. ALFONSO ADKINS, *Appellant*.

Opinion filed September 19, 1997.

*Rick Kittel*, assistant appellate defender, and *Jessica R. Kunen*, chief appellate defender, for appellant.

*Thomas J. Schultz*, assistant district attorney, *Nola Foulston*, district attorney, and *Carla J. Stovall*, attorney general, for appellee.

Before MARQUARDT, P.J., PIERRON and KNUDSON, JJ.

MARQUARDT, J.: Alfonso Adkins appeals his conviction for driving with a suspended license while having at least two prior sus-

pended license convictions. Adkins asserts that his conviction must be reversed because he did not have proper notice of one of the underlying suspensions.

On December 20, 1994, Adkins was unable to provide proof of insurance when he was stopped by the police for failing to keep his vehicle in a single lane. Adkins was charged with one count of driving while his license was canceled, suspended, or revoked; one count of failure to provide proof of automobile liability insurance; and one count of failure to maintain a single lane.

On October 2, 1995, Adkins filed a motion asking the district court to dismiss the charge of driving with a suspended license because he did not receive valid notice of one of the suspensions on which the current charge was based. Adkins argued that although he had been notified that his license would be suspended if he failed to provide proof of insurance within 30 days, he had not been notified at the end of the 30 days that his license had been revoked.

The State argued that the notice procedure specified in K.S.A. 8-255(d) was inapplicable because Adkins' license had been suspended pursuant to the Kansas Automobile Injury Reparations Act (KAIRA), K.S.A. 40-3101 *et seq.*, which has its own notice procedures and only incorporates by reference *some* of the hearing procedures of K.S.A. 8-255. Under K.S.A. 40-3118(e), Adkins was only entitled to notice that unless he took the specified action required by KAIRA, suspension would occur after the 30 days had expired. K.S.A. 40-3118(e) does not provide for additional notice to be sent *upon* suspension.

Following a hearing on November 3, 1995, the district court held that the notice procedures of K.S.A. 40-3118(e), rather than those of K.S.A. 8-255(d), were applicable in this case. While the district court noted that K.S.A. 8-255(d) specifically states that notification is to be sent upon the suspension, revocation, or disqualification of driving privileges "as authorized by this act," Adkins' driving privileges had been suspended under KAIRA. The district court denied Adkins' motion to dismiss.

A bench trial was held on March 27, 1996, on the following stipulated facts: (1) On May 17, 1993, notice of the impending

suspension of Adkins' Kansas driver's license was mailed by the Kansas Department of Revenue (Department) to Adkins' last known mailing address; (2) Adkins' license was suspended on June 16, 1993, for failure to maintain insurance; (3) Adkins' certified driver's record reflected that he had been convicted of driving while his license was suspended two times within the preceding 5 years—September 11, 1992, in Sedgwick County District Court case 91TR16707, and July 30, 1992, in Wichita Municipal Court case 92TM10104; (4) Adkins' certified driver's record reflected that Adkins' license had not been reinstated prior to or as of December 20, 1994; and (5) Adkins failed to provide proof of insurance when stopped by the police on December 20, 1994.

At trial, Adkins renewed his motion to dismiss and asked the court to consider his prior arguments. The district court denied the motion and found Adkins guilty on all counts. Adkins timely appeals.

Although Adkins had attacked the sufficiency of the notice of suspension in district court, he did so on a ground entirely different from that which he now asserts on appeal. Adkins argued in district court that additional notice needed to be sent pursuant to K.S.A. 8-255(d) upon actual suspension of his license. The district court rejected that assertion, and Adkins does not contest that ruling on appeal. Therefore, this issue is abandoned. See *State v. Wacker*, 253 Kan. 664, 670, 861 P.2d 1272 (1993).

Adkins now argues that the Department did not comply with the necessary notice provisions of K.S.A. 40-3118. The State asserts that Adkins may not raise this issue for the first time on appeal.

Although an issue not raised before the district court generally may not be raised for the first time on appeal, an appellate court may choose to address a new issue "where the newly asserted theory involves only a question of law arising on proved or admitted facts and which is finally determinative of the case." *Burney v. Kansas Dept. of SRS*, 23 Kan. App. 2d 394, 397, 931 P.2d 26 (1997); see *State v. Bell*, 258 Kan. 123, 126, 899 P.2d 1000 (1995).

K.S.A. 40-3118 requires every owner of a vehicle that is registered in this state to maintain continuous financial security (liability insurance) on his or her vehicle and allows the Director of Vehicles

to demand proof of such insurance at any time. K.S.A. 40-3118(e) provides:

"Whenever the director shall receive prima facie evidence, as prescribed by this section, that continuous financial security covering any motor vehicle registered in this state is not in effect, *the director shall notify the owner* by registered or certified mail or United States post office certificate of mailing *that, at the end of 30 days after the notice is mailed, the registration for such motor vehicle and the driving privileges of the owner of the vehicle shall be suspended,* pursuant to such rules and regulations as the secretary of revenue shall adopt, *unless:* (1) Within the thirty-day period, such owner shall demonstrate proof of continuous financial security covering such vehicle to the satisfaction of the director; or (2) *within the thirty-day period such owner shall request a hearing with the director.* Upon receipt of a timely request for a hearing, the director shall afford such person an opportunity for hearing within the time and in the manner provided in K.S.A. 8-255 and amendments thereto. If, within the thirty-day period or at the hearing, such owner is unable to demonstrate proof of continuous financial security covering the motor vehicle in question, the director shall suspend the registration of such motor vehicle and the driving privileges of the owner of the vehicle, unless the failure is due to a cause beyond the reasonable control of the owner upon proof deemed satisfactory by the director." (Emphasis added.)

A review of the record reveals that the notice Adkins received did not inform him of his right to request a hearing before the Director.

On appeal, Adkins argues that because the notice was defective, the defect rendered the suspension void, which in turn voided his subsequent conviction. The State argues that it is aware of no authority for Adkins' assertion. Resolution of this issue requires interpretation of a statute. The interpretation of a statute is a question of law over which this court exercises unlimited review. See *State v. Green*, 257 Kan. 444, Syl. ¶ 4, 901 P.2d 1350 (1995).

Case law interpreting the notice provisions of other statutes related to drivers' rights provides useful authority in analyzing the issue raised by Adkins. The first question is whether the language of K.S.A. 40-3118(e) requires that a driver be notified of the right to request a hearing. In *Barnhart v. Kansas Dept. of Revenue*, 243 Kan. 209, 212-13, 755 P.2d 1337 (1988), the Kansas Supreme Court considered the notice language of K.S.A. 1985 Supp. 8-1001(f)(1), which stated that upon a driver being requested to take a blood alcohol test, he or she "shall be given oral and written

notice" of his or her rights concerning the test, and found it to be clearly mandatory.

Similarly, in *State v. Lovett*, 17 Kan. App. 2d 450, 452, 839 P.2d 53, *rev. denied* 252 Kan. 1094 (1992), this court found the following language of K.S.A. 8-255(d) to be mandatory: "Upon suspending, revoking or disqualifying the driving privileges of any person as authorized by this act, the division shall immediately notify the person in writing." The court explained:

"The statute is plain, clear, and unambiguous. . . . It does not indicate that the DMV *may* or *should* notify such person; it says it 'shall immediately' notify such person in writing. This is clearly a case of a mandatory command by the legislature. See *Barnhart v. Kansas Dept. of Revenue*, 243 Kan. 209, 212-13, 755 P.2d 1337 (1988)." 17 Kan. App. 2d at 452.

Likewise, the language of K.S.A. 40-3118(e) regarding the required notice is plain and unambiguous: "[T]he director shall notify the owner" that his or her driving privileges shall be suspended within 30 days of the date of the notice unless he or she either (1) provides proof of insurance or (2) "request[s] a hearing with the director."

It is not necessary to use the exact statutory language in the notice as long as there has been substantial compliance with the statute. See *Barnhart*, 243 Kan. at 213. "To substantially comply with the requirements of the statute, a notice must be sufficient to advise the party to whom it is directed of the essentials of the statute." 243 Kan. at 213. The right to request a hearing with the Director is a mandated part of the notice requirement in K.S.A. 40-3118. The notice given to Adkins was, therefore, defective, and the subsequent suspension of his driver's license was void.

Reversed.